IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

AUTUMN IANNAMORELLI,

    Plaintiff,

v.                                    CIVIL ACTION NO.  5:15-cv-11636

GREAT LAKES EDUCATIONAL
LOAN SERVICES, INC.,

    Defendant.

### DEFENDANT GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.'S NOTICE OF REMOVAL

Defendant Great Lakes Educational Loan Services, Inc. ("GLELSI") removes this case pursuant to 28 USC §§ 1331, 1442, and 1446.  Removal is appropriate because GLELSI performed all the acts underlying the claims against it pursuant to its contract with The United States Department of Education ("ED") and because GLELSI has two colorable federal defenses: the government contractor defense and preemption.[1]

**I.    Procedural history.**

    1.    On or about June 11, 2015, plaintiff Autumn Iannamorelli ("Ms. Iannamorelli") brought suit against GLELSI in the Circuit Court of Raleigh County, West Virginia, styled *Autumn Iannamorelli v. Great Lakes Educational Loan Services, Inc.*, Civil Action No. 15-C-616-H (the "Civil Action").

    2.    Copies of the Summons and Complaint in the Civil Action were served on GLELSI on June 29, 2015.

---

[1] This Court previously upheld removal on these grounds.  *See Snuffer v. Great Lakes Educ. Loan Svcs., Inc.*, DCivil Action No. 5:14-cv-25899, Doc. No. 16 Memo. Op. and Order (S.D.W. Va.  Mar. 19, 2015).

3. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b), as this Notice of Removal is filed within thirty (30) days of receipt of the Complaint by GLELSI.

4. The Complaint contains five state law claims against GLELSI, all involving GLELSI's alleged collection efforts to contact Ms. Iannamorelli. (*See* Compl.)

## II. Federal officer removal statute.

5. The federal officer removal statute, § 1442, permits a defendant to remove state-court actions brought against the

> United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

6. The United States Supreme Court has held that § 1442(a)(1) is to be "liberally construed." *See Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007). It has explained:

> The federal officer removal statute is not "narrow" or "limited." At the very least, it is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law. One of the primary purposes of the removal statute—as its history clearly demonstrates—was to have such defenses litigated in the federal courts.

*Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969).

7. A federal contractor may remove a case pursuant to § 1442(a)(1) by establishing: (1) "that it is a 'person' within the meaning of the statute who 'act[ed] under [a federal] officer[.]'"; (2) "that it performed the actions for which it is being sued 'under color of [federal] office[.]'"; and (3) that it raised a colorable federal defense." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1084 (6th Cir. 2010). *See also Jacks v. Meridian Resource Co., LLC*, 701 F.3d 1224, 1230

(8th Cir. 2012) (the Eighth Circuit set forth a largely equivalent four-part test requiring defendants to establish that: "(1) a defendant has acted under the direction of a federal officer, (2) there was a causal connection between the defendant's actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a 'person,' within the meaning of the statute.").

8. The federal officer removal statute, predicated as it is on the alleging of a colorable federal defense, "represents an exception to the well-pleaded complaint rule, which would ordinarily defeat jurisdiction when the federal question arises outside the plaintiff's complaint." *See Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (*citing Mesa v. California*, 489 U.S. 121, 136 (1989)).

9. GLELSI satisfies all the requirements for removal under § 1442(a)(1).

### III. GLELSI is a person within the meaning of § 1442(a)(1) and acted under a federal officer.

#### A. GLELSI is a person within the meaning of § 1442(a)(1)

10. Section 1442(a)(1) does not mention corporations. But the word "person" is to be presumed in federal statutes to include corporations "unless the context indicates otherwise." *See* 1 U.S.C. § 1. Section 1442(a)(1) does not include any such contrary context. The Supreme Court, the Fourth Circuit, and this court have not decided whether the "person" in § 1442(a)(1) covers corporations. But every federal circuit court to have considered the issue has held that corporations are persons under § 1442(a)(1). *See Jacks v. Meridian Resource Co., LLC*, 701 F.3d 1224, 1229-1234 (8th Cir. 2012); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012); *Bennett*, 607 F.3d at 185; *Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 135 (2d. Cir. 2008).

#### B. GLELSI acted under a federal officer.

11.     GLELSI is a student loan servicer. It handles the day-to-day administration of student loans on behalf of lenders.

12.     One of the lenders for whom GLELSI services student loans is ED. ED makes loans pursuant to the William D. Ford Direct Loan Program, 20 U.S.C. § 1070 et seq. GLELSI has a "Title IV Additional Servicing" ("TIVAS") contract with ED.[2]

13.     GLELSI's TIVAS contract with ED places numerous requirements on GLELSI concerning GLELSI's contacts with borrowers. In addition to contractual provisions, ED has directed that: "Servicers at a minimum shall follow guidance provided in FFEL 682.411 regulations for due diligence efforts where DL is silent. This includes, but not limited to, delinquency, final demand, skiptracing, collection activities" ED promulgated the "FFEL regulations" for loans under the Federal Family Education Loan Program (FFEL), the precursor to the Direct Loan program. The regulations have detailed requirements about the number and purpose of lenders'—and now TIVAS servicers'—borrower contacts.

14.     In addition to the direction ED gives GLELSI concerning GLELSI's contacts with borrowers, GLELSI is contractually obligated to comply with ED regulations detailing the procedures and requirements for TPD discharges, including the requirements for TPD applications to be complete and the requirements for when collection efforts should be suspended while "complete" TPD applications are pending. *See* 34 CFR 685.213.

**IV.     GLELSI performed the actions for which it is being sued pursuant to its ED contract.**

15.     GLELSI is the servicer for Ms. Iannamorelli's student loans.

---

[2] GLELSI's TIVAs contract with ED (GLELSI-ED TIVAs Contract) is a public document available at https://studentaid.ed.gov/sites/default/files/fsawg/datacenter/library/ED-FSA-09-D-0012_MOD_0080_GreatLakes.pdf.

4

16. Ms. Iannamorelli bases her claims on purported contacts from GLELSI. But GLELSI's obligations to contact Ms. Iannamorelli are clearly spelled out in GLELSI's TIVAS contract with ED and the ED regulations GLELSI is contractually obligated to follow.

17. Whatever discretion GLELSI may have had in contacting Ms. Iannamorelli does not undermine the basis for removal or this court's competency to proceed. The United States Supreme Court has explained:

> There must be causal connection between what the officer has done under asserted official authority and the state prosecution. It must appear that the prosecution of him for whatever offense has arisen out of the acts done by him under color of federal authority and in enforcement of federal law, and he must by direct averment exclude the possibility that it was based on acts or conduct of his, not justified by his federal duty. But the statute does not require that the prosecution must be for the very acts which the officer admits to have been done by him under federal authority. It is enough that his acts or his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution.

*Mesa*, 489 U.S. 121, 131 (quoting *Maryland v. Soper (No. 1)*, 270 U.S. 9, 33 (1926)).

### V. GLELSI has two colorable federal defenses: the government contractor defense and preemption.

#### A. GLELSI may plausibly raise the government contractor defense.

18. GLELSI is immune from liability based on under the government contractor defense articulated in *Boyle v. United Technologies Corp.*, 487 U.S. 2500, 2510 (1988). At the very least, and all that is required here, GLELSI may plausibly claim that the government contractor defense immunizes it from liability. *See Bennett*, 607 F.3d 1076, 1089; *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996).

19. GLELSI performed all the acts underlying Ms. Iannamorelli's claims according to "reasonably precise specifications" set forth by ED, and GLELSI's acts conformed with ED's specifications. *See Boyle*, 487 U.S. 2500, 2510 (setting forth elements of government contractor

5

defense). Further, ED has been consulted and has issued interpretive guidance on potential conflicts between the due diligence requirements in "FFEL 682.411" and state law (Exs. A-B). *See id.*; ED Notice of Interpretation, 55 FR 40120-01 (Monday Oct. 1, 1990) (Ex. B).

### B. GLELSI may plausibly raise preemption as a defense.

20. Ms. Iannamorelli's claims are also preempted by the Higher Education Act (HEA), 20 U.S.C. § 1070 et seq., and corresponding ED regulations. At the very least, and, again, satisfying all that is required here, GLELSI can plausibly raise a preemption defense. *See Bennett*, 607 F.3d 1076, 1089; *Magnin*, 91 F.3d 1424, 1427.

21. To the extent West Virginia law prohibited GLELSI from contacting Ms. Iannamorelli at all, as Ms. Iannamorelli alleges in support of some or all of her claims (and which GLELSI does not concede), it directly conflicts with HEA requirements that GLELSI is statutorily and contractually obliged to follow. *See* 20 U.S.C. 1087e(a)(1) (Direct loans "shall have the same terms, conditions and benefits, and be available in the same amounts" as FFEL loans.").

## VI. Venue and Procedural Requirements.

22. This Court is the District Court embracing Raleigh County, where the Civil Action is currently pending. L.R. Civ. P. 77.02.

23. A certified copy of the docket sheet and copies of the Complaint, Summons, and return of Services are attached as Exhibit C, and constitute the only process, pleadings, or orders that have been filed in this action.

24. True and correct copies of this Notice of Removal with accompanying exhibits and a Notice of Removal of this Civil Action to Federal Court directed to the Circuit Court of

Raleigh County, West Virginia, are being served upon Ms. Iannamorelli's counsel and filed with the Clerk of that court, in accordance with the provisions of 28 U.S.C. § 1446(d).

**WHEREFORE,** defendant Great Lakes Educational Loan Services, Inc. files this Notice of Removal so that the entire state court action under Civil Action No. 15-C-616-H now pending in the Circuit Court of Raleigh County, West Virginia, shall be removed to this Court for all further proceedings.

**GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.**

**By Spilman Thomas & Battle, PLLC**

/s/ Angela L. Beblo
Bruce M. Jacobs (WV Bar No. 6663)
Angela L. Beblo (WV Bar No. 10345)
PO Box 273
Charleston, WV 25321-0273
304.340.3800
304.340.3801 (*facsimile*)
bjacobs@spilmanlaw.com
abeblo@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

AUTUMN IANNAMORELLI,

    Plaintiff,

v.                                    CIVIL ACTION NO. _____

GREAT LAKES EDUCATIONAL
LOAN SERVICES, INC.,

    Defendant.

## CERTIFICATE OF SERVICE

I, Angela L. Beblo, hereby certify that on July 29, 2015, I electronically filed the foregoing **Defendant Great Lakes Educational Loan Service, Inc.'s Notice of Removal** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Ralph C. Young, Esquire
        Christopher B. Frost, Esquire
        Kevin B. Burgess, Esquire
        Jed R. Nolan, Esquire
        Hamilton, Burgess, Young & Pollard, PLLC
        P.O. Box 959
        Fayetteville, WV 25840
        *Counsel for Plaintiff*

        /s/ Angela L. Beblo
        Angela L. Beblo (WV Bar No. 10345)